UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CHELSEA BOUDREAUX** : **CIVIL ACTION NO. 21-CV-2874**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE CO** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is Motion to Remand filed by plaintiff Chelsea Boudreaux ("Boudreaux"). Doc. 7. The motion is opposed by defendant State Farm Mutual Automobile Insurance Co. ("State Farm"). Doc. 11. Boudreaux has replied to the opposition [doc. 12] and the matter is now ripe for consideration. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated herein, **IT IS RECOMMENDED** that the plaintiff's motion be **GRANTED.**

**I.**
**BACKGROUND**

Boudreaux originally filed suit on May 26, 2016, in the 14th Judicial District Court, Calcasieu Parish, against Robert Mudd ("Mudd") and his insurer, State Farm, for damages arising out of a motor vehicle accident between Boudreaux and Mudd. Doc. 1, att. 1, p. 2-4. On May 12, 2020, Mudd assigned his claims against State Farm to Boudreaux via agreement, including any bad faith claims, Doc. 1, att. 2. The assignment agreement contemplated the possibility of "new or continued litigation pursued by Boudreaux" against State Farm and reserved her right to

"proceed with, file and enforce any claims, rights or interest that ROBERT F MUDD might have or will have against State Farm." *Id*. at ¶ 4,6. The agreement also released Mudd from all liability for judgment amounts in excess of his available insurance coverage. *Id*. at ¶ 4.

Subsequently, State Farm, Mudd and Boudreaux filed a Joint Stipulation concerning causation and damages. Doc. 1, att. 1, p. 12-13. The state court entered a corresponding "Stipulated Judgment" on May 19, 2020, in favor of Boudreaux and against Mudd in the amount of $87,238.64, and holding State Farm liable *in solido* with Mudd in the amount of the policy limits, $15,000. Doc. 1, att. 1, p, 11. Although State Farm asserts that "the main demand had been adjudicated and dismissed," none of the attachments to the Notice of Removal indicate that any party was dismissed from the suit following the Stipulated Judgment.[1] Doc. 11, p. 4. The removal pleadings do not indicate that the Stipulated Judgment was designated as a "final judgment" in accordance with the provisions of La. Code Civ. Proc. art. 1918. Doc. 1, att. 1, p. 11.

On July 22, 2021, the state court granted Boudreaux leave to file a Petition for Cross-Claim against State Farm, alleging the bad faith claims assigned to her by Mudd. Doc. 1, att. 1, p. 15-16. State Farm received service of the petition on August 11, 2021. *Id*. at pp. 21, 33. Boudreaux apparently chose the procedural mechanism of a cross claim because she was asserting claims assigned to her by one of the original defendants, Mudd, against the other defendant, State Farm. Doc. 11, p. 2.

On August 25, 2021, State Farm filed a Notice of Removal in this court, alleging that Boudreaux's cross-claim should have been brought as a new suit and therefore should be treated as removable. Doc. 1. State Farm asserts diversity jurisdiction under 28 U.S.C. § 1332, claiming

---

[1] In the Notice of Removal, State Farm notes that the principal demand was "adjudicated by the judgment entered into by all of the parties." Doc. 1, ¶ 5.

that the amount in controversy exceeds $75,000 and that there is complete diversity among the parties, as Boudreaux is a citizen of Louisiana and State Farm is a citizen of Illinois. *Id*. at pp. 4-6. State Farm states that it is proper to realign the parties and the nature of the suit because Boudreaux is the only plaintiff in the underlying state suit (notwithstanding the fact that she asserted her assigned claims against via cross-claim), and State Farm the only remaining true defendant. *Id*. State Farm also states that this removal is timely, as it was effectuated within thirty days from service of the petition for cross-claim. *Id.* at p. 7.

Boudreaux filed a timely motion to remand on September 13, 2021. Doc. 7. Boudreaux does not contest the amount in controversy or the citizenship of the parties. Boudreaux argues that the removal is untimely because the litigation between the parties began on May 26, 2016, and State Farm's removal on August 25, 2021 is beyond the one-year bar established by 28 U.S.C. § 1446(c). Doc. 7, pp. 7-8. She argues that State Farm has no support for its conclusory assertion that she "should have filed a new suit," because there are several Louisiana cases that allowed similar complaints to be filed in the main demand. *Id*. at pp. 8-9. Boudreaux points out that a valid state court order allowed her to file her cross-claim, and she argues that the full faith and credit clause of the U.S. Constitution requires this court to recognize the validity of her appearance in that matter as a cross-claimant. *Id*. at pp. 9-10.

In response, State Farm argues that the cross-claim constituted a new action because the main demand had been adjudicated to judgment and dismissed,[2] and Louisiana Civil Procedure rules do not allow for the assertion of a cross-claim after the main demand has been dismissed or terminated. Doc. 11, pp. 3-5 (citing La. Code Civ. Proc. art. 1041). State Farm also alternatively argues that the cross-claim has prescribed under Louisiana Code of Civil Procedure art. 1041. *Id*.

---

[2] Again, there is no indication in the removal pleadings that the underlying state court suit was dismissed.

at pp. 4-5. Accordingly, State Farm argues that, because Boudreaux was barred from asserting the cross-claim under either theory, the petition for cross-claim effectively instituted a new action that State Farm timely removed. In arguing that Boudreaux was required to file a new suit, State Farm distinguishes this case from those relied upon by Boudreaux by pointing out that, in each of those cases, the bad faith claims had been asserted during the pendency of the main demand but, in this case, the insured who assigned his rights to Boudreaux had not asserted his own bad faith claim against State Farm while the action was pending. *Id.* at pp. 5-7.

Boudreaux replied to this opposition, arguing that State Farm mistakenly relies on La. Code Civ. Proc. art. 1041 for its position that the cross-claim prescribed. Boudreaux also replies that "[t]he 'Stipulated Judgment' executed by the state court judge on May 19, 2020 was not an indication that Boudreaux's personal injury action had been adjudicated nor that it had been dismissed." Doc. 12 at 2. It merely memorialized the parties' stipulations. In Boudreaux's view, the Stipulated Judgment executed by the state court cannot be treated as a dismissal of the personal injury action because did not clearly purport to dismiss any parties or claims to the main demand. Doc. 12.

## II.
## LAW AND ANALYSIS

Although Boudreaux's state court action against Mudd and State Farm commenced well over a year ago, State Farm asks the court to realign the parties to find that Boudreaux and State Farm are the only remaining—and completely diverse—parties to the litigation. Doc. 1, p. 4. This case requires the court to consider whether a "realignment" of the parties in these circumstances would allow the court to disregard the one-year bar to removal found in 28 U.S.C. § 1446(c).

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have

original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2013). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand." *Bryson v. Wells Fargo Bank, N.A.*, No. 1:16-CV-28, 2016 WL 1305846, at *3 (E.D. Tex. Mar. 31, 2016) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Under 28 U.S.C. § 1446(b), the notice of removal generally must be filed within 30 days of defendant's receipt of the complaint. When the initial pleadings do not provide grounds for removal, defendants may remove the action "within 30 days after receipt ... of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, in all cases based on diversity jurisdiction, an action may not be removed more than one year from its commencement unless the district court finds that the plaintiff acted in bad faith in order to prevent removal. 28 U.S.C. § 1446(c)(1).

Before the 2011 amendment to 28 U.S.C. § 1446 (c), which added the bad-faith exception to the one-year removal bar, courts in this circuit made equitable exceptions to the one-year bar, noting that strict application of the one-year bar could "encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 429 (5th Cir. 2003) *superseded by statue as recognized in Hoyt v. Lane Constr. Corp.*, 927

F.3d 287, 293 (5th Cir. 2019), *as revised* (Aug. 23, 2019)( "We therefore no longer apply the old § 1446 and the *Tedford* exception we created. We now apply the new § 1446 and the bad-faith exception Congress created."). Such equitable exceptions are no longer in use because "[i]f Congress wanted to resolve the conflict by adopting the *Tedford* standard, it could have done so. [ . . . ] But it did not. Congress instead chose to replace *Tedford's* equitable-estoppel principle with a "bad faith" standard. *See* 28 U.S.C. § 1446(c)(1)." *Hoyt*, 927 F.3d at 293-94.

State Farm makes no allegation that Boudreaux acted in bad faith to prevent removal, and thus there is no explicit argument that the only statutory exception to the one-year bar applies here.

### A. Realignment of the parties is not called for because Boudreaux and State Farm have been adverse all along.

State Farm argues, rather, that it was procedurally improper for Boudreaux to file a cross claim against State Farm, and that she should have filed a new suit. If State Farm considers this tantamount to acting in bad faith to prevent removal, State Farm never explicitly says so.

Citing to jurisprudence that allows the court to realign the parties to determine whether a controversy truly exists between citizens of diverse states, State Farm asks this court to realign the parties and determine that Boudreaux's cross claim is effectively a new action that can be treated as removable. Doc. 1, p. 4 (citing *City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title & Tr. Co.*, 197 U.S. 178, 180, 25 S. Ct. 420, 421, 49 L. Ed. 713 (1905); *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 237 (5th Cir. 1988); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004)).

While these cases stand for the general proposition that the court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute[,]" *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236 (5th Cir. 1988), none of these cases would allow the court to restart the removal clock because of realignment of the parties. Further, State Farm cites to no

jurisprudence that would allow this court to determine that a state court violated its own procedural rules by allowing Boudreaux to file additional claims in the original action (whether by amending her original petition or bringing a cross claim).  The caselaw concerning the realignment of the parties merely allows the court to discern where the principal conflict among the parties lies, and to realign the parties as necessary to perform diversity analysis, without regard for the "labels the parties give themselves in the pleadings." *Ashford v. Aeroframe Servs.*, L.L.C., 907 F.3d 385, 387 (5th Cir. 2018).  There being no real dispute that Boudreaux and State Farm have been on opposite sides of the "v" all along, there is no need to realign the parties here.

## B. The Boudreaux's cross-claim against State Farm did not commence a new action for the purposes of the removal clock.

Distinct from the question of whether the parties can or should be realigned is the question of whether this court should nonetheless deem Boudreaux's cross-claim as "commencing" a wholly new action for the purposes of the removal clock.  Neither party briefed this question explicitly.  State Farm argues, however, that Boudreaux "should have" filed a new lawsuit in state court, which suggests that this court can treat the cross-claim as a new "commencement of the action" within the meaning of 28 U.S.C. § 1446(b)(3) .  For the reasons that follow, without evidence that the main demand has been dismissed,[3] we see no reason to treat the cross-claim as commencing a new lawsuit.

A federal diversity action may not be removed under 28 U.S.C. § 1446(b)(3) "more than 1 year after *commencement* of the action, unless the district court finds that the plaintiff has acted in bad faith [ . . . ]."  28 U.S.C. § 1446(c)(emphasis added).  "A state's own rules of procedure govern when an action is 'commenced' in state court." *Gore v. Robertson*, No. 14-749, 2015 WL

---

[3] "Until a judgment dismissing a suit is filed, the proceeding is still pending." *Walton v. Am. Rent All, Inc.*, No. 05-773, 2007 WL 447902, at *2 (La. App. 5 Cir. 2007).

-7-

5749459, at *2 (M.D. La. Sept. 30, 2015). "In Louisiana, a suit is commenced by filing of a pleading presenting the demand to a court of competent jurisdiction." *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 804 (5th Cir. 2006) (citing La. Code Civ. Proc. art. 421).

> The Louisiana Supreme Court has long noted a clear distinction between an "action" or a "demand" and a "cause of action." [ . . . ] A "cause of action" is alleged in pleadings by stating "the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the Facts which constitute the latter's wrong." [ . . . ] However a lawsuit's "demand ... is not synonymous with the 'cause of action' therein" and is better defined as "the object of the suit." [ . . . ] Further, "an Action which states a Cause of action may conclude with more than one demand."

*Gore*, 2015 WL 5749459, at *3 (internal citations omitted).

In the Fifth Circuit, the "default rule under Louisiana law is that, absent special circumstances, a suit is commenced only at the time the original petition is filed in a court of competent jurisdiction ('the default rule')." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 273 (5th Cir. 2009). But there is at least one exception to this rule such that "a suit may be 'commenced' more than once." *Id.* The exception to the "default rule," exemplified in *Braud* and *Gore*, occurs when a new pleading adds a new defendant and the allegations as to that defendant are sufficiently distinct from those in the original pleading that they constitute a wholly new demand as to that new defendant. *See id.* at 273-74. Any such precedent must be construed narrowly because "Congress made clear that the one-year limitation is intended to prevent defendants from removing state court actions after substantial litigation has progressed in state court." *Holleman v. Golden Nugget Lake Charles*, LLC, No. 2:19-00477, 2019 WL 5855770, at *4 (W.D. La. Nov. 6, 2019) (citing H.R. REP. 100-889, 72, 1988 U.S.C.C.A.N. 5982, 6032-33).

Under the precedent discussed above, the default rule requires this court to view the state suit as having commenced on May 26, 2016, more than one year before its removal. *Abshire*, 574 F.3d at 273. The circumstances that persuaded the *Gore* and *Braud* courts to treat an action as

newly commenced, such as the addition of a new defendant, a wholly new theory of liability, and the new defendant's lack of notice as to the pendency of the suit, are missing here. *See Gore*, 2015 WL 5749459, at *3 (holding that amendment of complaint to add a products liability claim against manufacturer of plaintiff's vehicle commenced new action for removal purposes, where initial claim was a negligence claim against a driver whose vehicle collided with plaintiff's); *Braud*, 445 F.3d at 805 ("[I]t would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice."). By contrast with these cases, State Farm has been a party to the litigation since its commencement and makes no argument that it was unaware of Boudreaux's intention to pursue continued litigation in Mudd's shoes. There being no reason to treat the cross claim as commencing a new action against State Farm, the court finds that the one-year bar of 28 U.S.C. 1446(c) applies and that the removal is untimely.

### C. State Farm has not shown that the cross claim prescribed.

Additionally, State Farm relies on La. Code Civ. Proc. art. 1041 for its position that the cross-claim had already prescribed by the time Boudreaux brought it. Article 1041 provides that "An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand [ . . . ]." La. Code Civ. Proc. art. 1041 (alteration added). Boudreaux correctly points out that State Farm misconstrues the article's purpose. Article 1041 functions as a mechanism to permit a defendant to assert an otherwise prescribed incidental demand in a timely-filed main demand (and thus not be considered prescribed). *Moore v. Gencorp, Inc.*, 633 So. 2d 1268, 1272 (La. 1994) (describing predecessor statute, La. Code Civ. Proc. art. 1067 as intended to "protect defendants from being lulled into the loss of their right to assert actions and defenses through reconvention by plaintiffs' guile and delay in bringing forward their ultimate and true demands."). The delay

for filing an incidental demand is stated in La. Code Civ. Proc. art. 1033. This article provides that an incidental demand may be filed after the answer to the principal demand has been filed if leave of court is obtained. Because the court granted such leave here, this court sees no reason to treat the cross-claim as clearly prescribed.[4]

In sum, the situation presented is exactly what was contemplated in the creation of the one-year bar to removal. *See Holleman v. Golden Nugget Lake Charles, LLC*, 2019 WL 5855770 at *4 (W.D. La. 2019) (the one-year bar was established to "reduc[e] the opportunity for removal after substantial progress has been made in state court"). Accordingly, because we find no reason to construe the cross-claim as commencing a new action we recommend this matter be remanded.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand (Doc. 7) be **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from

---

[4] Boudreaux also argues that even if the cross-claim was not filed in accordance with La. Code Civ. Proc. art. 1041, it is of no moment because an insurer's bad faith is a breach of contract claim subject to a 10-year prescriptive period, so Boudreaux need not rely on the expanded prescriptive period provided by art. 1041. *See Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1070 (La. 2019). The court makes no finding with regard to whether the cross-claim is or is not prescribed.

attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 7th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE